# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DEDRICK HARRIS**                                                                **PLAINTIFF**
**ADC #123627**

**V.**                           **4:19CV00269 LPR/PSH**

**ALEXANDER SANTUCCI, Officer,**                      **DEFENDANTS**
**North Little Rock Police Department,** *et al.*

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Before the Court is a Motion to Dismiss filed by defendant Joe Pitts. (Doc. No. 28). Pitts asserts Plaintiff Dedrick Harris failed to respond to his discovery requests and this Court's order compelling Harris to respond to the discovery requests. (Doc. Nos. 28, 29). On August 21, 2020, the Court entered a text order directing Harris to file a response to Pitts' motion to dismiss within 14 days if he chose to respond. (*See* Doc. No. 30). Harris was cautioned that if he failed to file a

response, the Court would decide Pitts' motion without the benefit of his input. *Id.* More than 14 days have passed, and Harris has not responded to Pitts' motion. Further, the Court mailed Harris a copy of the order directing him to file a response within 14 days if he intended to respond; the order was returned to the Court with the notation "parole" on the envelope. (Doc. No. 31). It appears that Harris is no longer incarcerated in the Arkansas Department of Corrections, but failed to update his address with the Court. Pitts' motion to compel and brief, the order granting the motion to compel, and Pitts' motion to dismiss and brief were not returned as undeliverable.

Rule 37(d) of the Federal Rules of Civil Procedure allows a district court to dismiss an action when a party fails to respond to discovery requests. *See also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("[n]o motion to compel is required before dismissal under Rule 37(d)."). Likewise, Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the action or any claim against it when the plaintiff fails to prosecute or comply with the Rules of Civil Procedure or a court order. Unless otherwise specified, a dismissal under Rule 41(b) acts as an adjudication on the merits. *Rogers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998). Dismissal with prejudice, however, "is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint." *Id*. (internal citations omitted).

Harris' failure to respond to Pitts' discovery requests is cause for the dismissal of this case. Harris received the Court's order directing him to respond to Pitts' discovery requests and did not comply. That order also advised him that failure to comply could result in the imposition of sanctions, including dismissal. (Doc. No. 27). The parties cannot comply with the discovery deadline or the deadline to file motions for summary judgment without Harris' cooperation in the discovery process. Accordingly, the Court recommends that Pitts' motion to dismiss be granted. And as Pitts is the only remaining defendant, the Court further recommends that this case be dismissed, without prejudice.[1]

IT IS THEREFORE RECOMMENDED that:

1) Defendant Joe Pitts' Motion to Dismiss (Doc. No. 28) be GRANTED;

2) Plaintiff's claims against Joe Pitts be DISMISSED without prejudice;

3) Plaintiff's Complaint, as amended (Doc. No. 7) be DISMISSED without prejudice; and

4) The Court certify that an *in forma pauperis* appeal taken from this Order adopting the Recommendation and accompanying Judgment would not be taken in good faith.

---

[1] Based on the record before it, the Court declines to recommend that Harris' failure to comply with its order compelling him to respond to discovery constitutes willful disobedience.

Dated this 9th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE